**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION**

In re:

MICHAEL TOLOMEO,

Debtor.

Case No. 13 B 01162

Chapter 7 case, converted from Chapter 11

**FINAL REPORT OF DEBTOR AS DEBTOR IN POSSESSION
UPON CONVERSION OF CHAPTER 11 CASE TO CHAPTER 7 CASE
PURSUANT TO BANKRUPTCY RULE 1019(5)**

NOTE: The Final Report must be filed with the Clerk of Bankruptcy Court through the Court's Electronic Case Filing (ECF) system within 30 days of conversion. Prepare and attach separate exhibits where necessary.

**I. Cash**

(a) Cash balance on hand at date of conversion     $ 5,810.00

(b) List the bank name and last four digits of account numbers where all of the cash held on conversion date was located.

First Personal Bank Ending 661

(c) Is the cash balance on hand at conversion stated above subject to a security interest?    **NO**

(f) If so, state the name and address of the secured creditor and the amount unpaid on the security agreement as of the date of conversion:

<u>Name and Address of Secured Creditor</u>                <u>Amount Unpaid</u>

*This Final Report is made with full reservation of rights, all of which are expressly reserved including, but not limited to, Debtor's 5th Amendment Rights.

1

Page 2, Final Report of Michael Tolomeo_____, Debtor   Case #: __13-1162__

## II. Accounts Receivable

(a) Total amount due the debtor from other entities or individuals on date the case was converted to a chapter 7 case.   $ __UNKNOWN__

(b) Is the account receivable balance stated above subject to a security interest?   **YES**

(c) If so, state the name and address of the secured creditor and the amount unpaid on the date of conversion on the security agreement:

| Name and Address of Secured Creditor | Amount Unpaid |
|---|---|
| Bridgeview Bank, its successor or assign | $433,000 |

(d) Itemize below all accounts receivable due the debtor from other entities or individuals on the date that the case was converted to a chapter 7 case:

| Name and address of customer | Kind of obligation | Date of obligation | Amount due debtor |
|---|---|---|---|
| BCL/Barnett | Contract/Fraud | 4/2/13 | Unknown |
| Bridgeview Bank | Contract/Fraud | 4/2/13 | Unknown |

## III. Accounts Payable

(a) Total unpaid debts incurred during chapter 11 case.   $ __0.00__

(b) Itemize below all unpaid debts incurred during the chapter 11 case including unsecured debts, secured debts, taxes, wages, administrative expenses, etc, but not including any prepetition debts:

| Name and Address of unpaid creditors | Kind of debt | Date incurred | Amount unpaid |
|---|---|---|---|

2

Page 3, Final Report of Michael Tolomeo_____, Debtor   Case #: 13-1162

### III. Accounts Payable continued

| Name and Address of unpaid creditors | Kind of debt | Date incurred | Amount unpaid |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

### IV. Date that Matrix of Unpaid Creditors during the Chapter 11 case was filed

Not later than 14 days after conversion of the case, a schedule of unpaid debts is to be filed. This schedule should be an appropriate matrix for mailing purposes containing the names and address of all unpaid entities since the commencement of the Chapter 11 case. **Already Filed**

### V. Original Chapter 11 Assets

Itemize below the assets of the debtor other than cash or accounts receivable *on the date the petition was filed* that were disposed of during the chapter 11 case or that were retained but had a reduced or increased value on the date of conversion to the chapter 7 case:

| Description of asset | Value scheduled in Schedules A and B | If disposed of, explain disposition | If retained, value on date of conversion |
|---|---|---|---|
| Residence | $550k | Retained | $550k |
| MI Property (1/2) | $850k | Acquired by Barnett/BCL | |

### VI. New Chapter 11 Assets

Itemize below the assets of the debtor other than cash or accounts receivable that were acquired by the debtor during the chapter 11 case and that were disposed of during chapter 11 case or that were retained as assets on the date of conversion to a chapter 7 case. (Note: For individual debtors, this must include post-petition earnings. See 11 U.S.C. § 1115(a)(2)).

| Description of asset | Price paid for asset | If disposed of, explain disposition | If retained, value on date of conversion |
|---|---|---|---|
| N/A | | | |

3

Page 4, Final Report of __Michael Tolomeo__, Debtor    Case #: __13-1162__

## VII. Executory Contracts and Unexpired Leases

(a) <u>Rejected</u>: List below the unexpired leases and other executory contracts that were rejected during the chapter 11 case, including the name and address of every other party to each contract, the obligations of each party under the contract and the description and value of property covered by the contract: **N/A**

(b) <u>New, assumed, or not rejected</u>: List below the unexpired leases and other executory contracts that were assumed or not rejected and the new executor contracts including leases that were entered into during the chapter 11 case, including the name and address of every other party to each contract, the obligations of each party under the contract and the description and value of property covered by the contract:**N/A**

## VIII. Payments to Insiders during the course of the Chapter 11 pendency

| Name | Amount | Purpose |
|---|---|---|
| N/A | | |
| | | |
| | | |

The Final Report above, consisting of four pages has been prepared by the undersigned. The Undersigned makes no representations or guaranty of the information contained therein. All information is made upon good faith investigation and interview of the Debtor.

Executed on: 12/11/13      Signed: _____
Print name:   Konstantine Sparagis
Title:        Attorney for Debtor

The debtor has reviewed this Final Report, consisting of four pages and declares under penalty of perjury that the statements contained therein are true and correct to the best of my knowledge, information and belief.

Executed on: 12/11/13      Debtor Signed: _____
Print name:  Michael Tolomeo
Title:       Debtor

Executed on: _____      Co-debtor, if applicable
Signed: _____
Print name: _____